ORDER FOLLOWING ELECTION CHALLENGE HEARING
JENNY LEE KRONE, LTBB Associate Judge.
On August 22, 2011 at 3:12 p.m., Plaintiff, Ken Harrington, through his attorney, filed a Protest of Recall Election Results and Verified Complaint for Preliminary and Permanent Injunction and Verified Ex Parte Emergency Motion to Stay Certification of Recall Election[1] Results.[1] On August 31, 2011, Defendant Election Board, through its attorney, filed Defendant’s Response to Plaintiffs Protest of Recall Election Results and Verified Complaint for Preliminary and Permanent Injunction.
The Little Traverse Bay Bands of Oda-wa Indians (LTBB) Associate Judge, the Honorable Jenny Lee Kronk, presided at a hearing in this matter on September 6, 2011. Present at the hearing, were the Plaintiff and his attorney, Craig W. Elhart, and the Defendant and its attorney, Carlos Alvarado-Jorquera. The parties agreed to the facts in this case and that there were three issues to be decided: (1) whether an election challenge must be filed within ten days or ten business days; (2) the definition of calendar year; and (3) whether the constitutional guarantee of an elected official not to be subject to recall more than once a year starts to run on the date the recall process begins or is determined by the date of the recall election.
At the hearing, the parties waived the need for an evidentiary hearing and any future oral arguments. The Defendant made oral arguments in the matter at the hearing, but the Plaintiff said he would stand on his brief to be filed by noon on September 9, 2011;[2] the Defendant may or may not file a brief by September 9, 2011. The record was left open for the submission of briefis).

Motion for Preliminary Injunction for Stay of Certiftcation of Recall Election Results

The issuance of a Preliminary Injunction is governed by Rule XI, § (f) of the Little Traverse Bay Bands Rules of Civil Procedure (LTBBRCP):
(f) An injunction may be granted:
(1) when it appears by the pleadings on file that a party is entitled to the relief demanded, and such relief, or any part thereof, consists of restraining the commission or continuance of some act com *319 plained of, either for a limited period or perpetually;
The Court can only issue a preliminary injunction if it appears by the pleadings on file that the party is entitled to the relief demanded. The Court reviewed the filed pleadings and it appeared that the election challenge and motion were untimely, thereby depriving the Court of jurisdiction. Further, even if the motion had been timely, the Plaintiffs arguments that he had been deprived of his constitutional rights because he was subjected to a recall election more frequently than the constitution allows, likewise appeared to be without merit. Therefore, the Court refused to issue an emergency, ex parte stay of certification of the election results, as requested by the Plaintiff and heard oral arguments on the motion on September 6, 2011.
The complaint and motion in this challenge were filed on August 22, 2011 at 3:12 p.m., fourteen (14) days after the recall election on August 8, 2011. Tribal Law requires that any challenge of the results of any election must be filed within ten (10) days after the election:
“Any registered voter of the Little Traverse Bay Bands of Odawa Indians may challenge for cause the results of any election by filing a written challenge with the Tribal Court within ten (10) days after the election.”
See, LTBB Const. Art. XII, § F. Even if the Chair of the Election Board had told the Plaintiff that he had until August 22 to file his challenge, it is of no consequence, because the Election Board Chair cannot change the constitution and the will of the Tribal citizens.
Further, the Plaintiff, as the Chairperson of the Tribe who is represented by counsel, should have known that the constitution requires any election challenge to be filed within ten days, not ten business days.[3] If the tribal citizens had intended that an election challenger had ten business days to challenge an election, it would have said ten business days, just as they had in Article XII § E of the Tribal constitution.
This election challenge and motion were not filed within ten days and are, therefore, untimely and deprive the court of jurisdiction. Therefore, the Court finds that it has no jurisdiction in this matter and the case should be dismissed.

Violation of Constitutional Due Process and Equal Protection Rights

The Plaintiff argued that his constitutional rights have been violated because he was subjected to a second recall before a calendar year had elapsed. The Plaintiff argued that the second recall occurred when the recall petitions were picked up from the Election Board and the recall process began. The Defendant says that the election itself is the triggering event.
The Tribal Constitution determines how often elected officials, such as the Plaintiff who was the elected Tribal Chairperson, may be recalled:
“Each elected official may be subject to no more than one (1) recall election per calendar year.” (Emphasis Added).
See, LTBB Const. Art. XIII, § A(2). The Court finds that an elected official may only be subjected to one recall election *320 per calendar year; the date the petitions were picked up and when the recall process began is irrelevant. In the Plaintiffs case, he was the subject of a recall election on May 28, 2010 and August 8, 2011. These elections were more than a year apart no matter how calendar year is defined. However, calendar year is generally understood to be the period between January 1 and December 31 of a numbered year. Our numbered year this year is 2011.
“Calendar year” is defined:
“Twelve calendar months beginning January 1 and ending December 31.—Also termed calendar year.”
See, Black’s Law Dictionary 1646 (8th ed. 2004). See also:
“1. a period of a year beginning and ending with the dates that are conventionally accepted as marking the beginning and end of a numbered year 2. a period of time equal in length to that of the year in the calendar conventionally in use.”
Merriam Webster’s Collegiate Dictionary 174 (11th ed. 2003).
The Defendant pointed out that the Tribal Constitution contains several references to the expression “year”, “fiscal year” and “calendar year” and that the use of those expressions is consistent and each meaning is different. In Article VII, § G, for example, the Tribal Constitution states “[T]he term of office shall be four (4) years except as provided in Article XII for the first election under this Constitution. The term shall extend from their oath of office until a successor is sworn in.” The term year is used here to mean the period of time from one event to the other, specifically, the oath of office through the successor’s swearing in. It is reasonable to conclude, then, that the term calendar year must mean something different. The Court agrees with the Defendant that the term “calendar year” should be accorded its plain meaning and, therefore, finds that “calendar year” means within any numbered year between January 1 and December 31.
Therefore, the Court finds that the Plaintiff was only subjected to one recall election in calendar year 2010 and one recall election in calendar year 2011. Therefore, there has been no violation of his constitutional right to be subjected to a recall election only once in a calendar year.
Conclusions of Law
For all of the reasons discussed above, the Court finds that the Plaintiffs constitutional rights have not been violated, because he was not subjected to a recall election more than once in a calendar year. He was the subject of an unsuccessful recall election in 2010, on May 26, 2010, and a successful recall election in 2011, on August 8, 2011, more than 366 days later, regardless of how calendar year is defined.
Further, the Court holds that the Plaintiffs election challenge was not filed within ten days as required by the Constitution of the Little Traverse Bay Bands of Odawa Indians; therefore, the Tribal Court does not have subject matter jurisdiction in this case.
Therefore, it is ORDERED that this case is DISMISSED.

. In his complaint, the Plaintiff stated that he was subject to a recall election on May 18, 2010, and was not recalled, and again August 8, 2011, at which time he was recalled. The Plaintiff averred that the subsequent recall election on August 8, 2011 was a violation of his constitutional right not to be recalled more than once per calendar year. The Plaintiff argued that the second recall election began on the day the recall petitions were received from the Election Board.

. The Plaintiff did not meet his self-imposed deadline of noon on September 9, 2011; his brief was filed by facsimile on September 9, 2011, at 2:11 p.m. Any new legal issues raised in this untimely brief and not agreed to at the motion hearing are not considered and, nonetheless, are not germane to the decision of the Court.

. Compare LTBB Const. Art. XII, § F above with Art. XII, § E: Certification of Election Results
The Election Board shall post non-certifled results within three (3) business days in the Tribal offices, and in the next issue of the Tribal newsletter. The election shall be certified and the results posted by the Election Board ten (10) business days after the election if there are no unresolved challenges pending. (Emphasis added).